UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 25-MJ-194 (GMH) |
| : | |
| BARRY BANKS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that defendant Barry Banks be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm). The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**I.   Introduction and Procedural History**

Defendant Barry Banks is charged by a criminal Complaint for a violation of 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, for illegally possessing two firearms and ammunition on August 30, 2025, in the District of Columbia.

Mr. Banks was arrested on August 30, 2025, shortly after the loaded firearms were discovered and seized by law enforcement from a nearby vehicle parked on a public street. On August 31, 2025, the Honorable G. Michael Harvey signed a criminal Complaint charging Mr. Banks in this case. An Initial Appearance was held on September 2, 2025, at which the

Government moved for Mr. Banks' pretrial detention. A Detention Hearing is scheduled for September 3, 2025, at 4:00 p.m.

## II.  Legal Authority and Argument

Mr. Banks' own conduct, history, and characteristics demonstrate that his conditional release would pose a danger to the community and a serious risk of non-compliance with release conditions. Mr. Banks is prohibited from possessing firearms and ammunition under federal law due to multiple prior felony convictions. Notably, Mr. Banks committed the charged offense in this case, namely illegally arming himself with two loaded firearms, *while on federal supervised release in this District* for a serious drug distribution conviction (Case No. 16-CR-236 (RCL) (D.D.C.)), for which he recently served 8 years of imprisonment and had only been released for 15.5 months prior to his arrest. Mr. Banks own actions demonstrate serious non-compliance with his current conditions of supervised release, and a clear disregard for the rule of law and the safety of the community.

The Government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The Government may proceed by way of proffer at a detention hearing. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

Title 18, United States Code, Section 3142(g) provides that the Court should consider and weigh the following four factors in determining whether to detain a defendant pending trial:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including but not limited to criminal history and whether, at the time of the current offense or arrest, the defendant was on release pending trial for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In consideration of Mr. Banks' criminal history, non-compliance with court orders, and the facts and circumstances of this case, the Government respectfully submits that there is no condition or combination of conditions that would assure the safety of the community should Mr. Banks be released in this case. Therefore, Mr. Banks should be detained pending trial in this case pursuant to 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses

This case concerns Mr. Banks' illegal possession of two loaded firearms stored in his vehicle on the evening of Saturday, August 30, 2025, in the District of Columbia. Due to multiple prior felony convictions, Mr. Banks is prohibited from possessing any firearms and ammunition under federal law. This offense reveals Mr. Banks' disregard for the law, supervision conditions, court orders, and the safety of the community. Indeed, all four Section 3142(g) factors weigh in favor of pretrial detention in this case.

#### 1. Mr. Banks' Illegal Possession of Two Loaded Firearms

On Saturday, August 30, 2025, at approximately 8:25 p.m., law enforcement officers and agents observed an unoccupied Volvo XC90 SUV, bearing Maryland tag 9GH8027, parked on the side of the road in front of 3534 East Capitol Street NE, in the District of Columbia. While standing outside of the driver's side door and using a flashlight, law enforcement observed two firearms in plan view on the driver's seat floorboard area of the vehicle. Law enforcement on scene knew that District of Columbia law prohibits the unsecured transport and storage of handguns in vehicles, as was observed inside of the Volvo.



*Screenshot of MPD body-worn camera depicting the Volvo parked
in front of 3534 East Capitol Street NE*

Officers then conducted a search of the Volvo. During the search, law enforcement located and seized two loaded firearms from the driver's side floorboard. The firearms were determined to be (1) a Kahr Arms CM9 9mm firearm, Serial No. IQ3722, loaded with five rounds of 9mm caliber ammunition, and (2) a Smith & Wesson M&P Shield .45 caliber firearm, Serial No. JEP2624, loaded with seven rounds of .45 caliber ammunition.



*Firearms located on front driver's seat floorboard of the Volvo*

Law enforcement located a photo identification card bearing the name "Barry Banks," with a photograph of Mr. Banks, hanging from the headrest on the front of the driver's seat.



*Screenshot of MPD BWC depicting Mr. Banks' photo identification card on the front driver's seat*



*Photo identification card for Mr. Banks on the front driver's seat*

Inside the vehicle, law enforcement also located a Labcorp Urine Chain of Custody Form signed by "Barry Banks" as the "donor" on August 27, 2025. Vehicle registration records revealed

that the Volvo was registered to a "Laura Carpenter," and Maryland vehicle registration and insurance cards in the name of "Laura Carpenter" were found in the vehicle.

A short time later, law enforcement observed Mr. Banks in and around the entrance to the adjacent apartment building at 3534 East Capitol Street NE. Law enforcement located and detained Mr. Banks inside of the lobby area of the building. Law enforcement also found a key fob for the Volvo in Mr. Banks' front left pants pocket, which was subsequently confirmed to match the Volvo. Mr. Banks was provided a verbal Miranda warning on scene, after which he stated, in sum and substance, that he was dropped off in the Volvo by an unidentified female.

Mr. Banks was previously convicted in the United States District Court for the District of Columbia, Case No. 16-CR-236 (RCL), of Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv). On May 21, 2018, Mr. Banks was sentenced to 96 months of imprisonment and 5 years of supervised release for this conviction. According to Bureau of Prisons records, Mr. Banks was released from custody on May 14, 2024, and is currently serving the term of supervised release for that case. Therefore, Mr. Banks was aware at the time of his arrest in this case that he had at least one prior conviction for a crime punishable by imprisonment for a term exceeding one year.

B.  **Weight of the Evidence**

The weight of the evidence against Mr. Banks in this case also strongly supports pretrial detention. As clarified by former-Chief Judge Howell, this factor is a "common-sense" consideration that, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself

or the community if the government's allegations later prove to be true." *United States v. Blackson*, No. 23-cr-25 (BAH), 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023) (Howell, C.J.), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023).

The Government has strong evidence that Mr. Banks constructively possessed both loaded firearms found on the driver's side floorboard of the Volvo on the evening of August 30, 2025. Video surveillance footage depicting the area in and around the entrance to the apartment building at 3534 East Capitol Street NE shows that Mr. Banks was the driver and sole occupant of the Volvo immediately prior to the vehicle search and firearm seizures.

First, the day prior on August 29, 2025, at approximately 12:48 p.m. to 12:51 p.m., surveillance video shows Mr. Banks entering the driver's seat of the Volvo, as the sole occupant of the vehicle, and then driving off after a few minutes.







*Screenshots of surveillance video depicting Mr. Banks entering the Volvo
August 29, 2025 at 12:48 p.m.*

The next day, on August 30, 2025, beginning at approximately 7:41 p.m., the same surveillance camera shows Mr. Banks return in the Volvo and park in the same area along the curb in front of 3534 East Capitol Street NE. Mr. Banks was the driver and sole occupant of the vehicle. After approximately 12 minutes, Mr. Banks exited the vehicle, greeted several children and other persons in the area, and then entered the apartment building.









*Screenshots of surveillance video depicting Mr. Banks parking and exiting the Volvo August 30, 2025 at 7:43 p.m. to 7:55 p.m.*

At approximately 8:50 p.m., after the vehicle search and while law enforcement was investigating the scene, Mr. Banks exited the front entrance of the apartment building and observed the scene.





*Screenshots of surveillance video depicting Mr. Banks at the front entrance viewing the scene August 30, 2025 at 8:50 p.m.*

After Mr. Banks was detained inside the entrance to the apartment building at approximately 8:54 p.m., law enforcement recovered the key fob for the Volvo from his front left pants pocket. After law enforcement provided *Miranda* warnings, Mr. Banks admitted an association with the Volvo when he stated, in sum and substance, that he had been dropped off by a woman in the Volvo. Additionally, two witnesses on scene provided, in sum and substance, that they knew of Mr. Banks and that he drove the Volvo.

In addition, a photo identification card for Mr. Banks was found hanging on the front of the driver's seat of the Volvo, and urine test documentation signed by Mr. Banks, dated August 27, 2025, only three days prior, was also found inside of the vehicle. Both of which further support his use and control the vehicle prior to the firearm seizures.

      **C.**    **The Defendant's History and Characteristics**

Mr. Banks' prior convictions and conduct here, together with the fact that he committed the charged offense while on federal supervised release, all strongly demonstrate the danger that his release poses to the community, as well as his clear disregard for conditions of supervision and the rule of law.

According to the Pretrial Services Agency, Mr. Banks has 14 prior convictions and 34 prior arrests. Though several prior convictions are for the possession of controlled substances and traffic offenses, his most recent federal conviction and the instant offense are both serious and demonstrate a pattern of escalating criminal conduct.

In Case No. 16-CR-236 (RCL) (D.D.C.), Mr. Banks was convicted for the Unlawful Distribution of One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv). In that case, Mr. Banks accepted responsibility for two sales of large quantities of liquid PCP

(specifically, 121 grams and 90.6 grams) to undercover officers in April 2016 on the 100 block of Yuma Street SE in the District of Columbia. Mr. Banks was sentenced to 96 months of imprisonment and 5 years of supervised release for that offense. Mr. Banks was only in the beginning of his second year of supervised release when he was arrested in this case.

Therefore, Mr. Banks' illegal possession of loaded firearms while driving in the District of Columbia, while serving a term of federal supervised release for a serious federal drug distribution offense, reveals a dangerous pattern of continued criminal activity from which he apparently cannot be deterred.

### D.     Danger to the Community

The nature and seriousness of the danger to the community that would be posed by Mr. Banks release also strongly supports pretrial detention in this case. On August 23, 2025, Mr. Banks possessed not just one, but *two loaded firearms*, in his vehicle in the District. In addition, the firearms were not only loaded, but also *readily accessible* to Mr. Banks' while he was driving the vehicle, rather than stored in a secure location. As a result, Mr. Banks' own actions reveal that he has not been deterred from committing additional crimes, including arming himself with illegal loaded firearms in the community. Additionally, the fact that Mr. Banks did so while on federal supervised release demonstrates his disregard for any court-ordered release conditions, and that the danger he poses in the community is real.

## **CONCLUSION**

In consideration of Mr. Banks' conduct, history, and apparent serious violation of his currently federal supervised release conditions, there is no condition or combination of conditions that the Court could fashion to reasonably assure the safety of the community should he be released in this case. As a result, the Government respectfully requests that the Court grant its motion to detain defendant Barry Banks without bond pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Thomas G. Strong*
THOMAS G. STRONG
Assistant United States Attorney
United States Attorney's Office
601 D Street NW
Washington, DC 20530
Telephone: 202-252-7063
Email: thomas.strong@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on September 3, 2025.

                By:    */s/ Thomas G. Strong*
                          Thomas G. Strong
                          Assistant United States Attorney